IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RASHAD LEE, #213 823                      *

    Plaintiff,                             *

    v.                                     *         2:06-CV-134-MHT
                                                     (WO)
WILBERT JERNIGAN, *et al.*,               *

    Defendants.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983 action seeking to vacate his conviction through declaratory and injunctive relief. Plaintiff alleges that Defendants conspired to ensure his conviction by unconstitutional means and to cover up trial court mistakes and errors by destroying, falsifying, altering, and/or re-printing his original trial transcripts. Named as defendants are Wilbert Jernigan, Clerk for the Bullock County Circuit Court, court reporter Kelli Mills, District Attorney Boyd Whigham, attorney Keith Ausborn, investigator/paralegal Carol Wright, and the Honorable Bernard Smithart. Upon review of the complaint, the court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

In November 2004 Plaintiff appealed the denial of a post-conviction petition he filed with the Circuit Court for Bullock County, Alabama. Approximately four months later Plaintiff filed a motion to supplement and/or correct record on appeal because he had not attached a copy of his trial transcript with his appeal brief. The trial court denied Plaintiff's motion to supplement. According to Plaintiff, at some point between the filing of his notice of appeal and the motion to supplement record on appeal, Defendants entered into a conspiracy to alter his guilty plea transcripts in order to "circumvent" the trial court's error in accepting his plea of guilty to an offense which does not exist under state law. Plaintiff maintains that Defendants engaged in the conspiracy to alter his guilty plea transcripts in order to prevent his conviction from being overturned.

The claim that Defendants conspired to maintain Plaintiff's conviction by unconstitutional means and to cover up their actions, essentially challenges the fundamental legality of Plaintiff's conviction. Therefore, the claim provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be

dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Here, Plaintiff seeks to challenge to the constitutionality of his first degree murder

3

conviction entered against him by the Circuit Court for Bullock County, Alabama. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on Plaintiff's first degree murder conviction is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (dismissing, under *Heck*, *Bivens* claim that defendants conspired to ensure civil action plaintiff's conviction by fabricating testimony and other evidence in criminal trial); *St. Germain v. Isenhower*, 98 F. Supp.2d 1366, 1372 (S.D. Fla. 2000) (civil action plaintiff's claim that defendants arranged for preparation of transcripts that were false is the type of claim that *Heck* bars if the underlying conviction has not been set aside); *see also Tedford v. Hepting*, 990 F.2d 745, 749 (3rd Cir. 1993) (where § 1983 plaintiff sought a declaration that his constitutional rights on appeal were violated as a result of falsification of transcripts, court held plaintiff's civil rights suit was "a direct challenge to the validity of his conviction and the legality of plaintiff's confinement"); *Scruggs v. Moellering*, 870 F.2d 376, 378 (7th Cir. 1989) (upholding dismissal of § 1983 claim for injunction requiring judge and court reporter to provide accurate trial transcripts on ground

suit was an improper use of § 1983 where plaintiff sought injunction solely to facilitate attack on his conviction); *Wilcox v. Miller*, 691 F.2d 739, 741 (5th Cir. 1982) (claim that trial transcript was altered to assure affirmance of defendant's conviction on appeal "would seem to challenge the validity of his conviction").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's challenge to the validity of his first degree murder conviction be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before April 3, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 20th day of March, 2006.


                             /s/Charles S. Coody
                             CHARLES S. COODY
                             CHIEF UNITED STATES MAGISTRATE JUDGE