IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RASHAD LEE, 213823                    *

                                      *

                                      *

       Plaintiff,                     *

                                      *

                                      *

    V.                                *        2:06-CV-134-MHT

                                      *           (WO)

WILBERT JERNIGAN,et al.,              *

                                      *

                                      *

       Defendants.                    *


OBJECTION TO MAGISTRATE RECCOMENDATION

Plaintiff,an inmate proceeding pro se,files this 42 U.S.C.Sec. 1983 objecting to the magistrate reccomendation and states the following in support of his objection.

Plaintiff filed a Sec.1983 seeking an injunction,declatory,and monetary relief pursuant to the injuries caused to him by the named defendants in his suit.Contrary to the magistrate belief, and or assertations,plaintiff, does not,and did not intend for this Honorable Court to construe his Sec.1983,as a challenge to the Constutionality,and legality,or validity of his conviction for "Murder in the first Degree ".

Plaintiff previously filed a 28 U.S.C. Sec. 2254 (Habeus Corpus) petition on September 30,2005,in which he challenged his Illegal, and Unconstitutional Conviction to the Offense of Murder in the First Degree (Case No: 2:05 CV 968-T) and therefore plaintiff

strongly **Objects** to the magistrate construing his Sec.1983,as a challenge to his conviction,although plainly stated in the plaintiff complaint,plaintiff seeks an injunction against the named defendants,and also a declatory,and monetary award for the damages done that were irrepairable to plaintiff whereas the named defendants have **flagrantly** failed to forward a true and certified copy of the plaintiff guilty plea transcripts to the Appellant Courts, as Ordered by the Appeal Courts so that the plaintiff Appeal can proceed and not stand idle,thus violating the plaintiff Due Process Rights under the 14th Amendment of the United States Constitution.

Although the magistrate construe Lee's claim as an alternative mode of the Plaintiff challenging the constitutionality of his conviction,this is only the magistrate personal opinion,and therefore the plaintiff claims should not be dismissed by this court.**Slavin V. Curry,**574 F.2d 1256 (1978) (A judge cannot allow the personal view that the allegations of a pro se complaint are implausible to temper his duty to appraise such pleadings liberally)

As the court said in Cruz V. Skelton:
We note initially that a Sec. 1983 compalint should not be dismissed unless it appears that the plaintiff can prove no set of facts which could and would entitle the plaintiff to relief.Conley V. Gibson,1957,355 U.S.41,78.S.Ct. 99, 2.L.Ed 2d 80.The allegations of the complaint,espically a prose complaint,must be read in a liberal fashion.Haines V. Kerner,1972,404 U.S. 519,92 S.Ct,594, 30 L.Ed 2d 652,Cruz V. Beto,1972,405 U.S. 319,92 S.Ct.1079,31 L.Ed 2d 263,And they must be accepted as true in testing their sufficiency, Haines V. Kerner Supra, Cruz V. Beto,Supra.

Plaintiff contends that although the magistrate personal views have led the magistrate to believe that the palintiff is now challenging his conviction through the use of the Sec. 1983,but clearly the plaintiff claims provides a basis for declatory,and monetary,and injuncive relief against the named defendants and plaintiff objects to the magistrate reccomending that the plaintiff claims be construed and dismissed because of an alleged challenge to the conviction of plaintiff.

Read with required liberality,the plaintiff's complaint relates, with sufficient specificty,facts that could entitle Plaintiff to relief.**Cf Johnson V. Wells,**566 F.2d 1016,1017 (5th Cir.1978)

The plaintiff seeks not a judgement in his favor in this case implying the validity of his conviction,but does seeks relief of the illegal actions of the defendants,in their brutal conspiracy to circumvent the Illegal Actions of the Trial Court amending the plaintiff indictment,and thereby altering and editing his trial transcripts to circumvent the error of the Trial Court

As it stands the defendnats have yet to comply with the Order of the appeal court to foreward a copy of the appellant (plaintiff) guilty plea transcripts that have been altered through a conspiracy of the named defendants which is the cause of the underlying action in which the plaintiff has filed his suit against the defendants

**Lumbert V. Finley,**735 F.2d 239 (1984) the court held: (State prisoners section 1983 actionwhich sought monetary damages and a transcript,and neither directly challenged the fact of his confinement,or sought a determination that he was entitled to immediate or speedier release was not the functional equivalent of a petition for a writ of Habeus Corpus,and thus prisoner could

**PG 3 of 6**

pursue action under section 1983,and it's jurisdictional counter-

part.42 U.S.C.A. Sec.1983,28 U.S.C.A. Sec.1343.

Clearly,Plaintiff's claims does not challenge his conviction,

but the plaintiff complaint states that the plaintiff seeks

monetary damages against the named defendants,and an injunctive

Order from the court compelling the trial court to produce an

forward a copy of the Appellant (Plaintiff) transcripts,thus,

this concluded that the plaintiff claims does not lie at the

**"Core of Habeus relief".**

Lee has neither directly,nor indirectly challenged the fact

of his confinement,nor sought a determination (through Sec.1983)

that he is entitled to immediate,or speedier release.

Reluctantly,Lee can Object,and argue that the provisions of his

claims may result in a successful Appeal in State Court although

there's a pending Sec. 2254 (Habeus Petition) challenging the

plaintiff conviction,and sentence,and thereby would have indirectly aff-

ected, his confinement,is to speculate in a palsgrafian fashion

that provides too lenious a basis for the determination wheter an

action properly is characterized as an exclusive habeus  corpus action.

Plaintiff has no adequate remedy at law to get an injunction in

which he is clearly seeking,nor the monetary damages palintiff is

seeking absent this court granting this Sec.1983 lawsuit.

Because,Lee claims requests an order that the state Judge and

Court reporter prepare and file an Honest transcript into the

Appellant Court cannot be dismissed as the magistrate Reccomendation

that Lee is challenging the Constitutionality of his conviction

through the avenue of Sec.1983 because this court is the only

court that could issue an injunction ordering Lee's request,and

grant the monetary award for the irreparable damages asked for by

plaintiff.Although a constitutional violation has occured in plaintiff's case although not alleged in complaint of plaintiff, due to the inaccuracies in the plaintiff's transcripts adversely affected the appellant review in the state court proceedings in which the plaintiff is seeking injunctive,declatory,and monetary relief **not** **challenging** the duration,nor the validity of the underlying conviction and sentence of plaintiff.

Furthermore,since plaintiff is not seeking a declaration to his criminal appeal,an injunction mandating correction of his state trial transcripts,and compensatory,and punitive damages the Magistrates reccomendation should be **Disregarded** pursuant to the Objection and arguments of plaintiff,and the Sec.1983 **GRANTED,** the injunctions issued by this court,as well as the Plaintiff demand for a jury trial on all issues triable by a jury granted.

Because the plaintiff complaint states that the named defendants entered into a conspiracy to keep him from obtaining a successful appeal,and not itself challenging the conviction referred to by the magistrate.

And because of this, an action for conspiracy can be maintained under Sec.1983.**Nesmith V. Alford,** 318 F.2d 110,126 (5th Cir.1963), cert. denied,375 U.S. 975,84 S.Ct.489,11 L.Ed 2d 420 (1964):

Of course, for a claim under Sec. 1983,A conspiracy as such is not an indispensable element as it is under Sec.1985, But it may be charged as the legal mechanism through which to impose liability on each and all of the defendants without regards to the person doing the particular act.Conspiracy is asserted in that situation on more or less traditional principles of agency,partnership,joint,venture,and the like.

## CONCLUSION

BASED ON THE PLAINTIFF OBJECTIONS AND THE FOREGOING ARGUMENTS, PLAINTIFF OBJECTS TO THE RECCOMENDATION OF THE MAGISTRATE AND THAT THIS HONORABLE COURT NOT CONSTRUE PLAINTIFF CLAIMS AS A CHALLENGE TO THE PLAINTIFF ALREADY PENDING SEC.2254 HABEUS CORPUS PETITION,AND THAT PLAINTIFF CASE BE **GRANTED** AND ALL OF THE NAMED DEFENDANTS IN PLAINTIFF COMPLAINT BE **SERVED** WITH A COPY OF THE PLAINTIFF COMPLAINT,BECAUSE AT NO TIME IN THE PLAINTIFF COMPLAINT DID THE PLAINTIFF SPECIFICALLY REQUEST THAT THIS COURT VACATE HIS CONVICTION IN EITHER THE COMPLAINT , NOR THE RELIEF REQUESTED AT PAGE 8,Lines 15-21 **(RELIEF REQUESTED BY PLAINTIFF)**AND THEREFORE IT CANNOT BE SAID,NOR CONSTRUED BY THIS COURT,THAT PLAINTIFF IS CHALLENGING HIS CONVICTION BY MEANS OF SEC.1983,WHEN PLAINTIFF HAD PREVIOUSLY FILED A SEC.2254 (HABEUS PETITION) CHALLENGING THE SAID ILLEGALY CONVICTION,AND THUS THIS COURT HAS A CIVIL DUTY TO NOT DISMISS PLAINTIFF SAID CLAIMS ON THE RECCOMENDATIONS OF THE MAGISTRATE,BUT THUS,**SERVE** A COPY OF THE COMPLAINT ON ALL OF THE NAMED DEFENDANTS,FOR THEIR ILLEGAL ACTIONS AS MENTIONED IN THE PLAINTIFF COMPLAINT AS **"CONSPIRACY"**,THE ACTION IN WHICH THE PLAINTIFF COMPLAINT IS BASED UPON.

## CERTIFICATE OF SERVICE

I hereby do certify that on this the 26th Day of March 2006, I have served a copy of the foregoing "Objection to Magistrate Reccomendation" on the Alabama Attorney Geberal,**Troy King**, and the clerk of the Middle Distrcit Court,**Debra Hackett**,by way of United States Mail Postage Prepaid,herein the Limestone Correctional Facility.

_____

RASHAD LEE 213823
L.C.F.
28779 NICK DAVIS RD.
HARVEST,ALA.35749-7009

Pg 6 of 6